

# SCARPONE & VARGO LLC

50 PARK PLACE  SUITE 1003  NEWARK  NEW JERSEY  07102
973.623.4101   FAX: 973.623.4181   WWW.SCARPONEVARGO.COM

November 4, 2011

**Via ECF and First Class Mail**
Honorable Claire C. Cecchi
Judge, U.S. District Court
U.S.D.C. for the District of New Jersey
Martin Luther King Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

      Re:   Dahi v. Refrigerated Holdings, Inc., et al.
            Case No.: 10-CV-6297-CCC-JAD

Dear Judge Cecchi:

      This law firm represents the RHI Defendants[1] in this matter. Late this afternoon I received from Plaintiff Elaine Dahi an email with a letter attached to it. She claimed in her email that her letter, despite being dated with today's date, was mailed to Your Honor yesterday. For the Court's convenience I have attached Plaintiffs' letter with their address and telephone number redacted.

      Plaintiffs' letter demonstrates clearly and undeniably that they have no regard for this Court, the parties to this action that were dragged into this litigation by the Plaintiffs, or the attorneys involved in this litigation.

      First, the Plaintiffs admit that they discarded the voluminous motion package that the RHI Defendants shipped to them (at RHI's expense) when the Plaintiffs' first claimed they were unable to file an opposition to the RHI motion back in May 2011 -- the first of four opposition deadlines missed by the Plaintiffs. Plaintiffs' attempt to now use their own frivolous attitude toward a matter they initiated as justification to delay the adjudication of the RHI Defendants' long-pending motion should be rejected.

      Second, as mentioned in prior submissions, these Plaintiffs are not strangers to litigation in the federal court system. Further evidence of their familiarity with litigation is found within the Plaintiffs' most recent letter. It is littered with references to various federal procedural rules. Yet in spite of their familiarity with the Court Rules the Plaintiffs consistently flout those rules as demonstrated by their failure to file any opposition despite being given four opportunities in which to do so and by their failure to participate in the court conference with Magistrate Judge

---

[1] Defendants Refrigerated Holdings, Inc., Gemini Traffic Sales, Inc., East Coast Warehouse & Distribution Corporation, Daniel Sokolowski, Rob Adams, John Biblis, Tracy Stone, Fenway Partners LLP, Peter Lamm, and Richard Dresdale.

SCARPONE & VARGO LLC

Hon. Claire C. Cecchi
November 4, 2011
Page 2

Dickson even after the conference was converted to a telephonic conference (with a call-in number provided) based on the Plaintiffs' inability to travel to Newark.

Furthermore, Plaintiffs attempt to claim the RHI Defendants' re-filing of a motion first filed in April 2011 – as directed by the Court – is procedurally deficient for lack of service belies logic. The Plaintiffs were served with the motion papers at least three times – twice via ECF and once via FedEx. In fact, the Plaintiffs admit service occurred when they admit they discarded those same motion papers. Moreover, the claim that the Plaintiffs have not "relinquish[ed] their right to be served by mail" (see para. 6), while repeated often by the Plaintiffs, is demonstrably false. See, e.g., Docket Entry No. 19, which is Plaintiff Elaine Dahi's "Pro se (Non Prisoner) Consent & Registration From to Receive Documents Electronically"; and Docket Entry No. 3, which is Plaintiff Hoss Dahi's "Pro se (Non Prisoner) Consent & Registration From to Receive Documents Electronically".

Third, the pattern of behavior from the Plaintiffs as demonstrated from the docket entries confirms their belief that they, as pro se plaintiffs, can conduct themselves without the need to show even the smallest care or courtesy toward the Court, the parties or the attorneys in this litigation. Each time the RHI Defendants' motion is scheduled to be addressed by the Court, the Plaintiffs file *at the last minute* various grievances, objections and "explanations". These last-minute filings could have been, and should have been, raised much earlier to permit time to address any *real* objections in a timely manner without impacting the return date of the RHI Defendants' long-pending motion. Moreover, the Plaintiffs' demonstrated ability to file their objections on the eve of the RHI Defendants' motion date shows their awareness of the upcoming events and deadlines in the matter.

Finally, I will not comment on the unjustified and utterly false claim that I, personally, have somehow asked for or received "special privileges" from the Court in this matter except to remind the Court that this is not the first attempt by the Plaintiffs to justify their own failure to pursue a matter they brought by tarnishing the reputation of the Court, counsel or a party in this matter absent a scintilla of support.

In short, the RHI Defendants respectfully request that the Court reject the Plaintiffs' most recent, last-minute attempt to unjustly delay this matter.

Respectfully submitted,

By:   /s/ Bruce D. Vargo
      BRUCE D. VARGO, ESQ.

BDV:cma
Enclosure
cc:   Magistrate Judge Joseph A. Dickson (via first class mail)
      Mr. Hoss Dahi (via email and first class mail)

SCARPONE & VARGO LLC

Hon. Claire C. Cecchi
November 4, 2011
Page 3

       Ms. Elaine Dahl (via email and first class mail)
       All Counsel of Record (via ECF)

Claire Cecchi, DJ                                                                                               November 4, 2011
US District Court at NJ-Newark   MLK Jr Federal Building
50 Walnut Street   PO Box 419   Newark NJ 07101

Case # 2:10 CV 06297   *Dahi v RHI et al.*
cc: both counsel via E-mail on 11/04/11

Plaintiffs are writing to inform as follows.

1.      In a 10/12/11 transmittal letter to clerk, Bruce Vargo informed that he has newly filed motion papers. In that letter he states that he provided copies on said date to district judge and magistrate pursuant to Rule. However, he failed to also serve plaintiffs. Plaintiffs received only the said 10/12/11 transmittal letter to clerk and it was delayed from mailing at Sender.

2.      Additionally, no Notice of motion was served setting forth the protocol calendar and other information mandated under federal law for motion notices. Specific language and other facts are required, especially in the case of a pro se opponent.

3.      LR 7.1(d)(1) states that no application shall be heard *unless* the moving papers, with proof of service on all other parties and Notice of motion, are served on adversary. Therefore, this motion was calendared by clerk in error.

4.      Additionally, LR 5.1 mandates that proof of service of all papers shall be filed *prior to* any action is taken thereupon by a court. Since Vargo failed to serve these new papers on Adversary, it is impossible that he would have filed the requisite affidavit of service. See LR 5.1(b).

5.      Vargo states that this is a resubmission of a previously submitted motion. However, not only is that allegation not immune to dispute, the fact that the Rules require, as he does note, that judiciary are to be *again* served on a resubmission, so must adversary be likewise served. Plaintiffs have a right to view this new submission and to confirm that alterations are not present. Indeed, Vargo would require the same of plaintiffs. Vargo also assumes, in error, that plaintiffs are still in possession of the previous papers *in toto*. This is not the case.

6.      Plaintiffs have made it abundantly clear that they do not relinquish their right to be served by mail, as is required by FRCP 5. Sound and compelling reasons have be set forth justifying the same.

7.      Plaintiffs have also made it clear that notice by clerk using CM/ECF to plaintiff E-mail does not satisfy service upon plaintiffs. See FRCP 5(b)(2)C, F. This is because we are not able to print out voluminous documents from library setting and because neither plaintiff has Internet access at home. Those CM/ECF emails, then, are not timely received. One plaintiff is disabled and unable to travel to library each day. The other plaintiff works over-the-road and may not be home for 2-3 weeks at a time. All of this is well on record. Yet Vargo persists in failing to act in accordance with Rules, expecting (and receiving) special privileges at every juncture. He is a licensed attorney. He knows the rules.

8.      Since the present district judge has ignored all previous letter motions and concerns expressed by plaintiffs, we will be filing formal motions on the next motion calendar. The new CJ will also be notified, as the irregularities in this case are a grave public concern. The people need to know.

Hoss Dahi and Elaine Dahi (at 22R)

REDACTED