NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DAHI, et al.,

    Plaintiffs,

v.

REFRIGERATED HOLDINGS, INC., et al.,

    Defendants.

Civil Action No. 10-6297 (CCC)

OPINION

**CECCHI, District Judge.**

This matter comes before the Court by way of a motion to dismiss Plaintiffs' Second Amended Complaint ("Complaint" or "SAC"), filed by Defendants COBRAsource, Inc. and John Blaida (collectively, "COBRAsource Defendants") pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court has considered the submissions made in support of the motion, to which Plaintiffs did not file an opposition. No oral argument was heard. Fed. R. Civ. P. 78. Based on the reasons that follow, Defendants' motion to dismiss is granted. Plaintiff has thirty (30) days to file a Third Amended Complaint, which cures the pleading deficiencies in those claims discussed below.

### I. BACKGROUND

Plaintiffs Hoss Dahi ("Dahi") and Elaine Dahi ("Elaine") filed a Second Amended Complaint on April 4, 2011, against twenty Defendants, claiming, among others, violations of a Title VII of the Civil Rights Act of 1964; 42 U.S.C. §§ 1983, 1985; the U.S. Constitution; the New Jersey Law Against Discrimination ("LAD"); and the New Jersey Conscientious Employee

Protection Act ("CEPA"). (*See* SAC ¶¶ 3-13.) Plaintiffs also assert a *Bivens* claim and various common law claims including tortious interference. (*See Id.*)

Dahi was formerly employed as a truck driver by Gemini Traffic Sales, Inc. ("GTS"), a transportation/distribution company. (SAC ¶ 16.) On December 2, 2008, he was involved in an accident in which he hit the side of a customer's facility, allegedly causing thousands of dollars of damage. (SAC ¶ 39, Ex. 1 at 3-4.) Dahi asserts that he informed GTS of the accident, (SAC ¶ 40), but GTS disputes this and claims that he failed to report the accident, (SAC, Ex. 1 at 3-4). Dahi's employment was terminated on December 5, 2008. (SAC ¶¶ 50-51.) Dahi claims that his termination came in retaliation for his announcement that he intended to "speak[] out about [his Department of Transportation] safety concerns." (SAC ¶ 51.) Furthermore, Plaintiffs claim that Defendants discriminated against Dahi due to his Middle-East origin. (SAC ¶ 27.)

According to the Complaint, Dahi attempted to obtain healthcare coverage for him and Elaine after his employment was terminated. (*See* SAC ¶¶ 59-62.) At that time, GTS used COBRAsource, Inc., a company that provides continued health insurance benefits under the Consolidated Omnibus Budget Reconciliation Act (COBRA), to collect the payments for Dahi's and Elaine's health insurance. (*See* SAC ¶¶ 59-62.) However, Plaintiffs claim that the COBRAsource Defendants tortiously interfered with their rights under COBRA and that Dahi's employer "conspired with John Blaida [, the President and CEO of COBRAsource, Inc.,] to defeat [their] ability to have health insurance coverage." (SAC ¶¶ 59-62; §1, ¶ 17; ¶ 61.) The COBRAsource Defendants filed the instant motion to dismiss Plaintiffs' Second Amended Complaint on August 8, 2011.

## II. LEGAL STANDARD

For a complaint to survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. County of Allegheny,* 515 F.3d 224, 234 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Furthermore, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders 'naked assertion [s]' devoid of 'further factual enhancement.'" *Iqbal,* 129 S. Ct. at 1949.

The burden of proof for showing that no claim has been stated is on the moving party. *Hedges v. U.S.,* 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.,* 926 F.2d 1406, 1409 (3d Cir. 1991)). During a court's threshold review, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Rockefeller Ctr. Props., Inc.,* 311 F.3d 198, 215 (3d Cir. 2002). In general, the Federal Rules of Civil Procedure should be construed liberally so as to encourage ruling on the merits instead of technicalities: "This liberality is expressed throughout the Federal Rules of Civil Procedure and is enshrined in a long and distinguished history . . . . An inadvertant mistake in pleading will not be held against the pleader if another party has not been misled by the mistake or otherwise prejudiced." *Lundy v. Adamar of New Jersey,* 34 F.3d 1173, 1186 (3d Cir. 1994).

### III. DISCUSSION

The COBRAsource Defendants seek dismissal of Plaintiffs' claims against them, arguing that those claims are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*, as amended by the Comprehensive Omnibus Budget Reconciliation Act of 1986, § 10002, Pub. L. No. 99-272, 100 Stat. 227-32 (codified as amended at 29 §§ 1161-1168) (COBRA). (Def.'s Br. 1-3.)

Section 514(a) of ERISA provides that it "shall supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). Under ERISA, an employee benefit plan is "any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer . . . to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries through the purchase of insurance or otherwise . . . medical, surgical, or hospital care or benefits." 29 U.S.C. § 1002(1); *see also Smith v. Hartford Ins. Group*, 6 F.3d 131, 136 (3d Cir. 1991) (holding that a health care plan is a covered employee benefit plan if "from the surrounding circumstances a reasonable person could ascertain the intended benefits, a class of beneficiaries, the source of financing, and procedures for receiving benefits.")

When determining whether claims "relate to" an employee benefit plan governed by ERISA, courts have construed broadly the term "relate to." "A law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96-97 (1983); *see also Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 62-63 (1987) ("[A]s a suit by a beneficiary to recover benefits from a covered plan, it falls directly under § 502(a)(1)(B) of ERISA.")

4

The Third Circuit has held that "[s]tate law claims of emotional distress arising out of the administration of an ERISA employee benefit plan are . . . preempted." *Pane v. RCA Corp.,* 868 F.2d 631, 635 (3d Cir. 1989). Following *Pane,* district courts in this circuit have found that various other state law claims are preempted by ERISA. *See, e.g., Ford v. Unum Life Ins. Co. of Am.,* 351 Fed. Appx. 703, 706 (3d Cir. 2009) ("State law claims such as . . . breach of contract, negligence, and intentional infliction of emotional distress - would ordinarily fall within the scope of ERISA preemption, if the claims relate to an ERISA-governed benefits plan."); *Ludwig v. Carpenters Health & Welfare Fund of Phila. & Vicinity,* No. 08-809, 2009 U.S. Dist. LEXIS 85996, at *20 (E.D. Pa. Sept. 18, 2009) ("Because the plaintiff's state law claims of emotional, psychological, physical, and financial distress are inextricably linked to the Fund's COBRA coverage and disbursement, the claims are preempted."); *Martellacci v. Guardian Life Ins. Co. of Am.,* No. 08-2541, 2009 U.S. Dist. LEXIS 13773 (E.D. Pa. Feb. 20, 2009) (finding that plaintiff's claims for breach of contract, bad faith/negligence, negligent misrepresentation, breach of fiduciary duty, fraud, and intentional infliction of emotional distress were preempted by ERISA); *Pappa v. Unum Life Ins. Co. of Am.,* No. 3:07-CV-0708, 2008 U.S. Dist. LEXIS 21500, at *55 (M.D. Pa. Mar. 18, 2008)("ERISA preempts [p]laintiff's ability to bring an intentional infliction of emotional distress claim.").

Here, Plaintiffs claim that following Dahi's termination from GTS, their extended health coverage under COBRA was not activated timely and that eventually, their coverage was wrongfully terminated. (*See* SAC ¶¶ 59-64.) Plaintiffs further claim that they were deprived of their health insurance coverage as a result of Defendant Blaida's actions (along with the actions of various other Defendants). (*Id.*) In particular, they assert that Defendant Blaida purposefully "withheld the received premiums from application to [Dahi's] account with intent to curtail

[Plaintiffs'] rights to further insurance coverage." (SAC ¶ 61.) Based on these facts, the Court finds that Plaintiffs' claims against the COBRAsource Defendants are "inextricably linked" to their coverage under COBRA; therefore, they "relate to" an employee benefit plan governed by ERISA. As such, they are preempted by ERISA. *See Ludwig,* 2009 U.S. Dist. LEXIS 85996, at *20.

## IV. CONCLUSION

For the reasons stated above, the COBRAsource Defendants' motion to dismiss is granted and Plaintiffs' claims against COBRAsource, Inc. and John Blaida are dismissed without prejudice. Plaintiff is granted thirty (30) days to file an amended complaint that conforms with this opinion. An appropriate order follows.

Dated: March 13, 2012

_____
Claire C. Cecchi
United States District Judge